# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| STARDAE MOSLEY, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| SOVEREIGN STAFFING GROUP, INC. ) | |
| and WAL-MART FULFILLMENT ) | |
| SERVICES, LLC, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Stardae Mosley ("Plaintiff"), by and through undersigned counsel, and files this Complaint pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII") against Defendants Sovereign Staffing Group, Inc. ("Defendant Sovereign") and Wal-Mart Fulfillment Services, LLC. ("Defendant Wal-Mart") (collectively "Defendants") and shows the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

1

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

At all times relevant, Defendants have been engaged in business in the state of Georgia and this district. Defendants are subject to specific jurisdiction in this Court over the claims asserted herein.

5.

Defendant Sovereign may be served with process by delivering a copy of the summons and complaint to its registered agent, Korey Hale, 15024 117th Street, Olathe, Kansas 66062. Defendant Wal-Mart may be served with process by delivering a copy of the summons and complaint to its registered agent, C T Corporation System, 289 Culver St., Lawrenceville, Georgia 30046.

## FACTUAL ALLEGATIONS

6.

Plaintiff timely filed charges of discrimination against Defendants with the Equal Employment Opportunity Commission (EEOC).

7.

Plaintiff requested the right to sue on her charges from the EEOC, which the EEOC subsequently issued on March 1, 2021, entitling an action to be commenced within ninety (90) days of receipt of that notice.

8.

This action has been commenced within ninety (90) days of receipt of the "Notices of Right to Sue".

9.

Defendants are now, and at all times relevant hereto, have been employers subject to Title VII.

10.

Defendant Sovereign is a staffing company. Defendant Sovereign placed Plaintiff with Defendant Wal-Mart in or about March 2020.

11.

When Plaintiff was promoted to Floor Lead in or about June 2020, Defendant Sovereign's senior onsite manager, Carlos Lopez, began to harass her. Mr. Lopez would yell at Plaintiff in front of her co-workers, point his fingers extremely close to her face and clap in her face when speaking with her, threaten to fire her for minor infractions that he would not address with other employees, and speak to her disrespectfully. Mr. Lopez did not behave in such a manner when interacting with other employees.

12.

Mr. Lopez was aware of Plaintiff's sexual orientation at this time because he had previously met Plaintiff's girlfriend. Plaintiff, a female, also dressed in masculine clothing.

13.

Plaintiff repeatedly complained to Defendants about the harassment.

14.

In or about late June, Plaintiff complained multiple times to Defendant Wal-Mart's Human Resources department. Defendant Wal-Mart told Plainitff that it could not assist her because Sovereign was responsible for the issue.

15.

Plaintiff also complained to Defendant Wal-Mart's Plant Manager, but nothing was done to stop the harassment.

16.

Plaintiff then contacted Defendant Sovereign's Human Resources department. Again, nothing was done to stop the harassment.

17.

In early October, Plaintiff contacted Mr. Lopez's superior, Carlos Geist, to complain about Mr. Lopez's behavior.

18.

Plaintiff also made several written complaints about Mr. Lopez, which she submitted to Defendant Sovereign.

19.

On or about November 12, 2020, Plaintiff met with Mr. Lopez to address the aggressive and abrupt manner in which he spoke to Plaintiff.

20.

Mr. Lopez dismissed Plaintiff's attempt to speak with him and directed Plaintiff to return to her work.

21.

On or about November 16, 2020, Plaintiff complained to Glenn Norman, who was Defendant Sovereign's onsite manager and Plaintiff's direct supervisor, about the constant harassment she faced from Mr. Lopez. Plaintiff told Mr. Norman that she believed Mr. Lopez was discriminating against her based on her sexual orientation because Mr. Lopez treated Plaintiff differently than other employees that were of heterosexual orientation.

22.

Additionally, Plaintiff told Mr. Norman that she filed an EEOC charge in response to Mr. Lopez's discriminatory actions directed toward her.

23.

That evening, Plaintiff sent an email to Defendant Sovereign's HR department explaining that she was being harassed by Mr. Lopez and that she had filed an EEOC Charge in response to his behavior.

24.

Plaintiff reported for her shift the next day, November 17, 2020, and was immediately met by Mr. Norman, who told her that Mr. Lopez was not happy with what Plaintiff had told Mr. Norman about filing an EEOC charge because of Mr. Lopez's discriminatory actions.

25.

Mr. Norman then terminated Plaintiff's employment. No reason was given for her termination.

26.

Any reason for Plaintiff's termination is pretext for unlawful retaliation.

27.

In terminating Plaintif because of her protected conduct under Title VII, Defendants violated Title VII and Plaintiff's rights thereunder.

28.

As a result of Defendants' unlawful actions, Plaintiff has suffered, *inter alia*, pecuniary and non-pecuniary losses for which she is entitled to recover from Defendants, including lost wages and emotional distress.

29.

Defendant Sovereign had control and influence over the terms and conditions of the employment for which Plaintiff was hired, including her rate of compensation, and termination.

30.

Defendant Wal-Mart had control and influence over the terms and conditions of the employment for which Plaintiff was hired, including supervision and other human resources functions, and rate of compensation.

31.

Defendants jointly employed Plaintiff and are therefore jointly liable for violating Title VII by the conduct described herein.

## **CLAIM FOR RELIEF**

### **RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

32.

Plaintiff repeats and re-alleges 6-31 paragraphs as if set forth fully herein.

33.

Plaintiff engaged in protected conduct when she complained about sex-based based discrimination in violation of Title VII.

34.

Defendants subjected Plaintiff to adverse employment action after Plaintiff engaged in protected conduct.

35.

There was a causal connection between the protected conduct and the adverse action.

36.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

37.

Defendants willfully and wantonly disregarded Plaintiff's rights, and Defendants' retaliation against Plaintiff was undertaken in bad faith. Plaintiff is therefore entitled to punitive damages.

38.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of Defendants' unlawful retaliation, including damages for lost wages and emotional distress.

**WHEREFORE**, Plaintiff prays the court for judgment and relief as follows:

(a) General damages for mental and emotional suffering caused by Defendants' unlawful conduct;

(b) Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation, and approval of said acts;

(c) Damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorneys' fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendants from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

Respectfully submitted, this 14th day of April, 2021.

**BARRETT & FARAHANY**

s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Plaintiff*

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
vsroberts@justiceatwork.com